THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CASSANDRA M. POWELL,<br><br>        Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br><br>        Defendant. | CASE NO. C12-1039-JCC<br><br>ORDER ADOPTING THE REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge (Dkt. No. 21), the Plaintiff's objections (Dkt. No. 22), and the Defendant's response (Dkt. No. 23). Having thoroughly considered the parties' briefing, the Report and Recommendation, and the relevant record, the Court hereby ADOPTS the Report and Recommendation (Dkt. No. 15) for the reasons explained herein.

I.  BACKGROUND

Plaintiff Cassandra M. Powell ("Plaintiff") filed applications for Supplemental Security Income and Disability Insurance Benefits. (AR 24.) The Commissioner denied these claims initially and on reconsideration. (*Id.*) An Administrative Law Judge ("ALJ") then held a hearing on Plaintiff's claims. The ALJ found Plaintiff not disabled. (Dkt. No. 21 at 2.) Plaintiff timely appealed that decision. (*Id.*) The Appeals Council denied her request for review, rendering the ALJ's decision the final decision of the Commissioner. (AR 1–6.) Pursuant to 42 U.S.C. §

405(g), Plaintiff appealed this decision by filing a civil action in United States District Court. Plaintiff's complaint was referred to United States Magistrate Judge Mary Alice Theiler, (Dkt. No. 4), who issued a Report and Recommendation ("R&R"), (Dkt. No. 21). The R&R recommends that the ALJ's decision be affirmed. (*Id.* at 1.)

## II.   DISCUSSION

Plaintiff objects to the following recommendations of the R&R: (1) declining to consider Plaintiff's fourth assignment of error, because it disregarded the Court's scheduling order by failing to formulate a specific issue; (2) declining to consider the Plaintiff's first assignment of error, as outside of the Court's jurisdiction; and (3) determining that the ALJ made no error regarding the weight given to the opinion of Dr. Czysz. (Dkt. No. 22.) The Court reviews *de novo* any part of the R&R to which Plaintiff properly objected. Fed. R. Civ. P. 72(b)(3).

### A.   Plaintiff's First Objection

Plaintiff first objects to the R&R's determination that Plaintiff's fourth assignment of error, titled "The ALJ's Decision Is Not Supported by Substantial Evidence," was insufficient to invoke judicial review. (Dkt. No. 15 at 7.) While the Court agrees with the R&R that that section's overlong "narrative summary of medical evidence" may be insufficient to invoke judicial review, (Dkt. No. 21 at 5), the Court nevertheless considers the merits of that assignment of error.

The Court finds no merit, however, in Plaintiff's objection. Plaintiff details evidence that might support a favorable decision on Plaintiff's claim. (Dkt. No. 15 at 7–14.) The existence of evidence that might support a finding contrary to the ALJ's is not a basis for holding that the ALJ's conclusion was not supported by substantial evidence. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406; c*f. Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."). Plaintiff specifically objects by stating that the post-hearing opinions of Drs. Cantrell and Suydam, which register disagreement with the ALJ's

finding that Plaintiff is capable of performing simple repetitive work, (AR 578–79, 585–86), undermine the conclusion that the ALJ's decision is supported by substantial evidence, (Dkt. No. 22 at 4.) Conclusory opinions sought for litigation purposes, however, may properly be rejected. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Saelee v. Chater*, 94 F.3d 520, 522–23 (9th Cir. 1996). Although both physicians reach a different conclusion from the ALJ, their clinical evaluations are consistent with the ALJ's assessment of Plaintiff's residual functional capacity. (*Compare* AR 27–28, *with id.* at 581–84, 588–89). Because the ALJ's conclusion that Plaintiff is not disabled is supported by substantial evidence, that conclusion is affirmed.

### B.     Plaintiff's Second and Third Objections

Plaintiff objects to the R&R's decision not to review the Appeals Council's denial of review of Plaintiff's claim. (Dkt. No. 22 at 5). This Court has no jurisdiction to review an Appeals Council decision to deny review. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011). Evidence submitted for the first time before the Appeals Council does become part of the record that the district court reviews to determine whether substantial evidence supports the ALJ's finding. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1157, 1159 (9th Cir. 2012). The Appeals Council fulfilled its duty to consider Plaintiff's new evidence. (AR 1–2); 20 C.F.R. § 404.970(b). Whether or not Plaintiff directed her initial assignment of error at the Appeals Council or the Commissioner is immaterial, because this Court—after considering the entire record, including the evidence first submitted to the Appeals Council—has determined that substantial evidence supports the ALJ's finding.

Finally, Plaintiff objects to the R&R's thoroughly supported conclusion that the ALJ did not err in giving little weight to the opinion of Dr. Czysz, because his report was based on Plaintiff's self-report. (Dkt. No. 22 at 5–6.) The ALJ may disregard the opinion of a physician when it is premised on subjective complaints of a less-than-credible claimant. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Dr. Czysz's opinion relied heavily on Plaintiff's

ORDER ADOPTING THE REPORT AND
RECOMMENDATION
PAGE - 3

self-report, which the ALJ had deemed to be only partially credible. (AR 32.) The fact that Dr. Czysz observed some symptoms, already accounted for in the ALJ's decision, (AR 26–28), does not transform the ALJ's conclusion into a harmful error, *see Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

## III. CONCLUSION

Therefore, after careful consideration of the parties' briefing, the Report and Recommendation, and the relevant record, the Court does hereby find and ORDER:

(1) The Court **ADOPTS** the Report and Recommendation (Dkt. No. 21).

(2) The Commissioner's decision is **AFFIRMED**.

(3) The Clerk of the Court is directed to send copies of this Order to the parties and to the Magistrate Judge Mary Alice Theiler.

DATED this 14th day of June.

John C. Coughenour
UNITED STATES DISTRICT JUDGE