1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CASSANDRA M. POWELL,

                              Plaintiff,

          v.

CAROLYN W. COLVIN,

                              Defendant.

CASE NO. C12-1039-JCC

ORDER ADOPTING THE REPORT
AND RECOMMENDATION

        This matter comes before the Court on the Report and Recommendation of the Honorable
Mary Alice Theiler, United States Magistrate Judge (Dkt. No. 21), the Plaintiff's objections (Dkt.
No. 22), and the Defendant's response (Dkt. No. 23). Having thoroughly considered the parties'
briefing, the Report and Recommendation, and the relevant record, the Court hereby ADOPTS
the Report and Recommendation (Dkt. No. 15) for the reasons explained herein.

I.      BACKGROUND

        Plaintiff Cassandra M. Powell ("Plaintiff") filed applications for Supplemental Security
Income and Disability Insurance Benefits. (AR 24.) The Commissioner denied these claims
initially and on reconsideration. (*Id.*) An Administrative Law Judge ("ALJ") then held a hearing
on Plaintiff's claims. The ALJ found Plaintiff not disabled. (Dkt. No. 21 at 2.) Plaintiff timely
appealed that decision. (*Id.*) The Appeals Council denied her request for review, rendering the
ALJ's decision the final decision of the Commissioner. (AR 1–6.) Pursuant to 42 U.S.C. §

ORDER ADOPTING THE REPORT AND
RECOMMENDATION
PAGE - 1

1  405(g), Plaintiff appealed this decision by filing a civil action in United States District Court.

2  Plaintiff's complaint was referred to United States Magistrate Judge Mary Alice Theiler, (Dkt.

3  No. 4), who issued a Report and Recommendation ("R&R"), (Dkt. No. 21). The R&R

4  recommends that the ALJ's decision be affirmed. (*Id.* at 1.)

5  **II.    DISCUSSION**

6        Plaintiff objects to the following recommendations of the R&R: (1) declining to consider

7  Plaintiff's fourth assignment of error, because it disregarded the Court's scheduling order by

8  failing to formulate a specific issue; (2) declining to consider the Plaintiff's first assignment of

9  error, as outside of the Court's jurisdiction; and (3) determining that the ALJ made no error

10 regarding the weight given to the opinion of Dr. Czysz. (Dkt. No. 22.) The Court reviews *de*

11 *novo* any part of the R&R to which Plaintiff properly objected. Fed. R. Civ. P. 72(b)(3).

12       **A.      Plaintiff's First Objection**

13       Plaintiff first objects to the R&R's determination that Plaintiff's fourth assignment of

14 error, titled "The ALJ's Decision Is Not Supported by Substantial Evidence," was insufficient to

15 invoke judicial review. (Dkt. No. 15 at 7.) While the Court agrees with the R&R that that

16 section's overlong "narrative summary of medical evidence" may be insufficient to invoke

17 judicial review, (Dkt. No. 21 at 5), the Court nevertheless considers the merits of that assignment

18 of error.

19       The Court finds no merit, however, in Plaintiff's objection. Plaintiff details evidence that

20 might support a favorable decision on Plaintiff's claim. (Dkt. No. 15 at 7–14.) The existence of

21 evidence that might support a finding contrary to the ALJ's is not a basis for holding that the

22 ALJ's conclusion was not supported by substantial evidence. *See Blakley v. Comm'r of Soc. Sec.*,

23 581 F.3d 399, 406; c*f. Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the

24 evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's

25 decision, the ALJ's conclusion must be upheld."). Plaintiff specifically objects by stating that the

26 post-hearing opinions of Drs. Cantrell and Suydam, which register disagreement with the ALJ's

ORDER ADOPTING THE REPORT AND
RECOMMENDATION
PAGE - 2

finding that Plaintiff is capable of performing simple repetitive work, (AR 578–79, 585–86),
undermine the conclusion that the ALJ's decision is supported by substantial evidence, (Dkt. No.
22 at 4.) Conclusory opinions sought for litigation purposes, however, may properly be rejected.
*See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Saelee v. Chater*, 94 F.3d 520,
522–23 (9th Cir. 1996). Although both physicians reach a different conclusion from the ALJ,
their clinical evaluations are consistent with the ALJ's assessment of Plaintiff's residual
functional capacity. (*Compare* AR 27–28, *with id.* at 581–84, 588–89). Because the ALJ's
conclusion that Plaintiff is not disabled is supported by substantial evidence, that conclusion is
affirmed.

### B.        Plaintiff's Second and Third Objections

Plaintiff objects to the R&R's decision not to review the Appeals Council's denial of
review of Plaintiff's claim. (Dkt. No. 22 at 5). This Court has no jurisdiction to review an
Appeals Council decision to deny review. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228,
1231 (9th Cir. 2011). Evidence submitted for the first time before the Appeals Council does
become part of the record that the district court reviews to determine whether substantial
evidence supports the ALJ's finding. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1157,
1159 (9th Cir. 2012). The Appeals Council fulfilled its duty to consider Plaintiff's new evidence.
(AR 1–2); 20 C.F.R. § 404.970(b). Whether or not Plaintiff directed her initial assignment of
error at the Appeals Council or the Commissioner is immaterial, because this Court—after
considering the entire record, including the evidence first submitted to the Appeals Council—has
determined that substantial evidence supports the ALJ's finding.

Finally, Plaintiff objects to the R&R's thoroughly supported conclusion that the ALJ did
not err in giving little weight to the opinion of Dr. Czysz, because his report was based on
Plaintiff's self-report. (Dkt. No. 22 at 5–6.) The ALJ may disregard the opinion of a physician
when it is premised on subjective complaints of a less-than-credible claimant. *Tonapetyan v.
Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Dr. Czysz's opinion relied heavily on Plaintiff's

1   self-report, which the ALJ had deemed to be only partially credible. (AR 32.)  The fact that Dr.

2   Czysz observed some symptoms, already accounted for in the ALJ's decision, (AR 26–28), does

3   not transform the ALJ's conclusion into a harmful error, *see Molina v. Astrue*, 674 F.3d 1104,

4   1115 (9th Cir. 2012).

5   **III.    CONCLUSION**

6           Therefore, after careful consideration of the parties' briefing, the Report and

7   Recommendation, and the relevant record, the Court does hereby find and ORDER:

8           (1)    The Court **ADOPTS** the Report and Recommendation (Dkt. No. 21).

9           (2)    The Commissioner's decision is **AFFIRMED**.

10          (3)    The Clerk of the Court is directed to send copies of this Order to the parties and to

11                 the Magistrate Judge Mary Alice Theiler.

13          DATED this 14th day of June.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER ADOPTING THE REPORT AND
RECOMMENDATION
PAGE - 4